# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Stoney G. Riley,
Petitioner Below, Petitioner

**FILED**

May 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    **No. 12-0974** (Berkeley County 12-C-548)

Evelyn Seifert, Warden, Northern Correctional Center,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Stoney G. Riley, *pro se*, appeals the order of the Circuit Court of Berkeley County, entered August 13, 2012, summarily dismissing his petition for a writ of habeas corpus. The respondent warden, by Christopher C. Quasebarth, her attorney, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2006, petitioner was convicted by a jury of second degree robbery and conspiracy to commit robbery. The jury acquitted petitioner of grand larceny. Thereafter, the State brought a recidivism charge, and another jury found that petitioner was a habitual offender. Consequently, the circuit court sentenced petitioner to ten to eighteen years for second degree robbery and one to five years for conspiracy to commit robbery; both sentences were ordered to run consecutively. Petitioner's appellate counsel filed an appeal which this Court refused on April 4, 2007.

Petitioner filed his first petition for a writ of habeas corpus in Civil Action No. 09-C-639. Petitioner was appointed counsel who filed an amended petition. Among other grounds for relief, petitioner raised a claim of ineffective assistance of trial counsel asserting matters set out below. After an initial review, the circuit court ordered an answer be filed by the respondent warden.

The circuit court subsequently denied habeas relief determining that "there is no need for an evidentiary hearing." Relevant to ineffective assistance of trial counsel, the circuit court found that a letter from petitioner's parents supported the conclusion that counsel investigated his alibi defense and decided not to pursue it for strategic reasons. The circuit court found that transcripts

showed that counsel properly relayed a plea offer to petitioner. The circuit court found that counsel's failure to have a video surveillance tape forensically analyzed did not constitute ineffective assistance because there was sufficient evidence to convict petitioner without the surveillance tape. Next, the circuit court determined that counsel's performance at trial was not deficient. The circuit court further determined that petitioner was not prejudiced by counsel's failure to request the grand jury transcripts because there was no showing as to why the outcome at trial would have been different if the transcripts would have been requested and received. The circuit court found there was nothing to put counsel on notice that petitioner should have been evaluated for a diminished capacity or a mental defect defense. The circuit court further found that petitioner's Exhibit Two refuted his claim that counsel never met with him. Lastly, the circuit court determined that petitioner was not prejudiced by counsel's alleged failure to explain the possibility of a sentence enhancement because of his prior conviction. When petitioner appealed the denial of his petition in Civil Action No. 09-C-639, this Court affirmed. *See Riley v. Hoke*, No. 11-0413 (W.Va. Supreme Court February 12, 2012) (memorandum decision).

Petitioner filed his instant habeas petition—his second—in Civil Action No. 12-C-548 re-raising ineffective assistance of trial counsel. The circuit court summarily denied the petition in an order entered August 13, 2012. After a review of the case file, the circuit court determined that "[p]etitioner has already exhausted his right to one omnibus habeas corpus proceeding, and his Petition is not entitled to additional habeas review." The circuit court explained that a claim is precluded from being raised in a subsequent habeas proceeding if it has been adjudicated in a previous "omnibus habeas corpus proceeding," where the petitioner has the benefit of counsel or has waived that right. While certain grounds exist that may be raised in a subsequent proceeding, ineffective assistance of trial counsel is not one of them. *See* Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

We review the circuit court's order summarily dismissing a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

In arguing that this case should be remanded for further proceedings,[*] petitioner alludes to the fact that an omnibus habeas proceeding sometimes includes an evidentiary hearing in addition to appointment of counsel. *See Losh.* However, in denying the petition in Civil Action No. 09-C-639, including petitioner's claim that trial counsel was ineffective, the circuit court determined that "there is no need for an evidentiary hearing." The circuit court made this

---

[*] In his response, the respondent warden argues for the circuit court's affirmation.

determination after appointment of counsel, an amended petition was filed and an answer filed by the respondent warden. Therefore, after careful consideration, this Court finds that the proceeding in Civil Action No. 09-C-639 was an omnibus habeas proceeding within the meaning of *Losh*. Accordingly, under the doctrine of res judicata, petitioner is precluded from re-raising the issue of ineffective assistance of trial counsel because it has been previously adjudicated. *See* Syl. Pt. 2, *Losh*. This Court concludes that the circuit court did not abuse its discretion in summarily dismissing the petition in Civil Action No. 12-C-548.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Berkeley County and affirm its order, entered August 13, 2012, summarily dismissing the petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** May 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II